UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILL MOSES PALMER, III,

    Plaintiff,

v.

SHAWN HATTON; et al.,

    Defendants.
                                      /

No. C 05-358 SI (pr)

**ORDER**

This action is now before the court for consideration of several miscellaneous matters regarding pleadings, discovery, and scheduling.

A.    <u>Pleading Issues</u>

Plaintiff filed a "submission of John Does [sic] true name, E. Sanchez" that is an amendment to his amended complaint to identify E. Sanchez as the true name of the person referred to as John Doe in the amended complaint. (See Docket # 38.) Plaintiff did not provide an address at which Sanchez could be served. Service of process will be ordered on Sanchez at Salinas Valley State Prison, which is his/her last known business address. In light of the need to serve process on defendant Sanchez, the court GRANTS plaintiff's and the CDC defendants' requests to reset the briefing schedule on the dispositive motions. (Docket #s 37, 41, 43.)

Plaintiff has filed a motion for leave to amend the complaint. He needs court permission because he has already once amended his complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Plaintiff has not

shown that justice requires that he be permitted to further amend his pleading. First, there has been inexplicable delay: the motion is made rather late in the proceedings, is not based on any new information, and one defendant has already filed a dispositive motion. Second, a second amended complaint is not necessary to name defendant E. Sanchez, as that was done earlier by plaintiff's amendment to the amended complaint. Third, plaintiff's effort to add a claim for denial of access to the courts/retaliation would be futile. As the court previously explained at length, the constitutional right of access to the court does not guarantee a right to litigate effectively once in court and the Heck rule bars damages claims based on assertions that defendants' activities precluded a fair trial or interfered with any of plaintiff's constitutional rights necessary to his criminal trial, and any appeal therefrom. See Aug. 11, 2005 Order Of Dismissal With Leave To Amend, pp. 4-7. The motion for leave to amend the complaint is DENIED. (Docket # 40.)

B.   Discovery

Plaintiff filed a motion to compel defendants to produce for inspection and copying documents he requested on August 17, 2006. The motion to compel is DENIED. (Docket # 42.) First, the motion is defective because it is unsigned. Second, plaintiff did not make a good faith effort to meet and confer before filing the motion: he sent his motion to compel to the court just ten days after mailing the meet-and-confer letter(s), which did not allow reasonable time for any informal resolution of a discovery dispute. Third, it cannot be determined from the meet-and-confer letter to whom it was sent, and one of the defense attorneys has no record of receiving it.[1] See Motion To Compel, Exh. 2. Fourth, and most importantly, both the state defendants and county defendant filed oppositions showing that they did respond to plaintiff's requests for production of documents. Plaintiff did not dispute this in any reply. There is no need for a court

---

[1] There are two different attorneys for defendants: Monterey County Sheriff's Deputy Vince Earland is represented by the county counsel's office for Monterey County and the CDC employees are separately represented by the office of the Attorney General of the State of California. Sending something to only one of the defense attorneys is inadequate; for the discovery matters, as for everything filed in this court, both attorneys must be served separately.

2

order compelling the production of documents.

C.   Further Proceedings

   1.   Plaintiff's filings have had a couple of recurring problems that must stop. First, plaintiff has failed to sign several documents he has filed, such as his discovery requests and his amended complaint (although he later complied with a court order for a signed amended complaint). See Fed. R. Civ. P. 11(a). The court will disregard any document and deny any request that is not signed. Second, plaintiff's proofs of service are rather spotty, as some documents he files have them attached and some do not. In the future, plaintiff must attach to each document he files a proof of service that shows he has mailed a copy of that document to each of two attorneys representing the defendants in this action. The court will disregard any document and deny any request filed by plaintiff that does not have attached to it a proof of service.

   2.   The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, a copy of docket # 38, a copy of the order of service, and a copy of this order upon correctional officer E. Sanchez at Salinas Valley State Prison.

   3.   Now that there is an additional state defendant on whom service of process must be made, the court will vacate the existing briefing schedule for dispositive motions and set new schedules.

      a.   County Defendant's Motion: The motion for summary judgment filed by defendant Monterey County Deputy Sheriff Earland has been pending for several months and need not await the service of the new state defendant. Plaintiff must file and serve his opposition to defendant Earland's motion for summary judgment no later than **January 12, 2007**. No further extensions of time will be permitted on this deadline. Defendant Earland must file and serve his reply, if any, no later than **January 26, 2007**.

      b.   State Defendants' Motion: The following briefing schedule is set for any motion for summary judgment to be filed by the CDC defendants:

3

    i. No later than **February 2, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    ii. Plaintiff's opposition to the state defendants' summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **March 2, 2007**. Plaintiff is reminded to bear in mind the notice and warning regarding summary judgment that was contained in the order of service as he prepares his opposition to any summary judgment motion.

    iii. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 23, 2007**.

  IT IS SO ORDERED.

Dated: November 20, 2006

                _____
                SUSAN ILLSTON
                United States District Judge