UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER,<br><br>    Plaintiff,<br><br>  v.<br><br>SHAWN HATTON; et al.,<br><br>    Defendants.<br>_____ / | No. C 05-358 SI (pr)<br><br>**ORDER (1) DENYING EARLAND'S MOTION FOR SUMMARY JUDGMENT AND (2) SETTING BRIEFING SCHEDULE** |

    This case involves the use of force on plaintiff while he was at the Monterey County Superior Court on July 16, 2004. The defendants include Monterey County sheriff's deputy Vince Earland and several employees by the California Department of Corrections. Defendant Earland is represented by the Monterey County Counsel's office and the CDC defendants are represented by the California Attorney General's office.

    Defendant Earland filed a motion for summary judgment. He served a copy of the motion on plaintiff but not on counsel for the CDC defendants, according to his proof of service. The motion for summary judgment is DENIED for failure to comply with Federal Rule of Civil Procedure 5(a). (Docket # 29.) A party must serve a copy of any filing on everyone who has appeared in this action, and not just the party against whom relief is sought. The denial of Earland's motion is without prejudice to Earland filing another motion, provided that he serves a copy of it on each party (or counsel for a party, if the party is represented by counsel). The briefing schedule set at the end of this order applies to Earland as well as the CDC defendants.

    Before it realized the service problem, the court had read Earland's and Palmer's briefs concerning the summary judgment motion and had two observations that the parties may wish

to consider if a new motion is filed. First, to the extent Earland wants to argue he is not liable on a theory that he failed to intervene to prevent a constitutional violation, he should discuss and distinguish the failure-to-intervene case identified by the court, Robins v. Meacham, 60 F.3d 1436, 1442 (9th Cir. 1995). See Order of Service, p. 4. (The failure-to-intervene theory also has been discussed by the Ninth Circuit in other cases, such as Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).) Second, the court is concerned about the apparent dispute about whether Earland testified at a trial. Palmer recited at length the content of Earland's testimony while Earland's attorney submitted a declaration stating that the trial record contains no testimony from Earland. The court cannot determine from the record whether Earland did not testify or perhaps did testify but his testimony was not transcribed. If Earland did not testify at all, and Earland submits more direct proof of that (e.g., his own declaration and court minute orders or other records showing he did not testify), the court will entertain a motion for sanctions.

The CDC defendants have filed an ex parte request for an extension of time to file a dispositive motion. Upon due consideration of the request and the declaration of attorney Sara Ugaz, the request is GRANTED. (Docket #54.) The court vacates the existing briefing schedule and now sets the following briefing schedule for dispositive motions:

1. Defendants must file and serve their dispositive motions no later than **April 6, 2007**. If defendants are of the opinion that the case cannot be resolved by dispositive motion, they must file and serve such a notice by the deadline.

2. Plaintiff must file and serve his opposition to each dispositive motion no later than **May 11, 2007**.

3. If defendants wish to file reply briefs, they must file and serve their reply briefs no later than **May 31, 2007**.

IT IS SO ORDERED.

Dated: February 6, 2007

_____
SUSAN ILLSTON
United States District Judge

2