FILED

MAY 23 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILL MOSES PALMER,

    Plaintiff,

v.

SHAWN HATTON; et al.,

    Defendants.
                                   /

No. C 05-358 SI (pr)

**ORDER DENYING MOTION TO REOPEN**

    Plaintiff requests a reopening of the time to file an appeal from the judgment entered on January 14, 2008. Plaintiff states that he disagreed with the court's ruling and therefore sent in a notice of appeal on January 23, 2008. The notice of appeal was never filed. Plaintiff does not identify the date on which he received notice of entry of judgment, but it can be assumed that he received notice of it before he filed a notice of appeal from it.

    The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). If the motion to reopen is not filed within the deadline imposed by Rule 4(a)(6), the district court does not have authority under the rule to reopen or extend the time for filing an appeal. See Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994); In re Stein, 197 F.3d

421, 426-27 (9th Cir. 2000) (Rule 4(a) is the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal; Fed. R. Civ. Proc. 60(b) cannot be used to avoid the expiration of the 180-day time period); Clark v. Lavallie, 204 F.3d 1038, 1041 (10th Cir. 2000) (Rule 4(a)(6) is enforced "without distinction between counseled and uncounseled cases").

Plaintiff's request falters on at least the first two conditions of Rule 4(a)(6)(A). He does not satisfy Rule 4(a)(6)(A) because he did receive notice of entry of the judgment within 21 days of its entry. He also does not satisfy Rule 4(a)(6)(B) because he did not file his request to reopen within seven days of receiving notice of the entry of judgment. The request to reopen the time to file an appeal therefore is DENIED. (Docket # 108.)

IT IS SO ORDERED.

Dated: May 23, 2008

SUSAN ILLSTON
United States District Judge